**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAMELLE L. RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>NORWEIQA, *et al.*,<br><br>Defendants. | Case No. 3:20-CV-00350-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF Nos. 45, 48] |

This case involves a civil rights action filed by Plaintiff Jamelle L. Russell ("Russell") against Defendants Michael Stolk ("Stark")[2] and Taylor DeShane ("DeShane") (collectively referred to as "Defendants"). Currently pending before the Court are two motions for summary judgment. On July 6, 2022, Russell filed his motion for summary judgment, (ECF Nos. 45, 54)[3]. Defendants responded, (ECF No. 57), and Russell replied. (ECF No. 59.) On July 13, 2022, Defendants filed their motion for summary judgment, (ECF Nos. 48, 50).[4] Russell responded, (ECF No. 55), and Defendants did not reply. For the reasons stated below, the Court recommends that Russell's motion for summary judgment, (ECF No. 45), be denied, and Defendants' motion for summary judgment, (ECF No. 48), be granted.

///

---

[1]  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]  Russell erroneously identified Defendant Stolk as "Stark" in his complaint. For consistency, the Court refers to Defendant Stolk as "Stark".

[3]  ECF No. 45 is a "supplemental index of exhibits" filed in support of Russell's motion for summary judgment.

[4]  ECF No. 50 consists of exhibits filed under seal in support of Defendants' motion for summary judgment.

I.     **FACTUAL BACKGROUND**

Russell is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events related to this case occurred while Russell was housed at Ely State Prison ("ESP"). On August 2, 2019, a riot took place, causing a prisoner to be stabbed and shot. (ECF No. 7 at 4.) The prisoner bled near Russell's cell. (*Id.*, ECF No. 50-2 (sealed).) Once the riot calmed down, Stark ordered Russell to get on the ground. (ECF No. 7 at 4.) Escort correctional officers mistook Russell as one of the participants in the riot and escorted him to the sally port. (*Id.*) When Russell got to the infirmary, he was seen by Medical, cleared, and placed in an infirmary cell, where he remained for a few days. (ECF No. 7 at 4.) Russell refused health treatment. (ECF No. 50-4 (sealed).) Russell admits to showering in his cell in the infirmary on August 2, 2019. (ECF No. 48-2 at 3.) However, Russell claims he asked a correctional officer about clothes and his property because he was "covered in blood" and had no shower items, specifically shower shoes. (ECF No. 7 at 4, 5.) Russell filed a grievance on August 6, 2019, regarding the above allegations. (ECF No. 48-2 at 7.) DeShane signed the grievance. (*Id.*) Russell alleges he had to continue wearing the bloody clothes for two weeks. (*Id.*)

For the duration of the events described, Russell is wearing a white shirt. (ECF Nos. 50-3 (sealed), 52-1.) The video of the event shows Russell first squatting, then laying on the ground near the blood on the floor. (ECF No. 52-1.) The blood on the floor is slightly visible in the video, but a photograph clearly shows a trail of blood in front of Russell's cell. (ECF Nos. 52-1, 50-2 (sealed).) The blood on the floor is smeared, although it is unclear how the blood became smeared. (*Id.*) The video shows that, before laying down, there is a small mark of an unidentified substance on Russell's white shirt. (ECF No. 52-1 at 4:06-4:24.) A photograph shows that, while being moved after the riot, Russell's white shirt contains only the small mark. (ECF No. 52-3 (sealed).)

///
///

## II. PROCEDURAL HISTORY

On June 15, 2020, Russell submitted a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 6.) On April 4, 2021, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed all of Russell's claims but gave Russell leave to amend a Fourteenth Amendment due process claim and an Eighth Amendment claim. (ECF No. 5.) Russell submitted a First Amended Complaint ("FAC") on May 4, 2021. (ECF No. 7.) The District Court screened the FAC on May 13, 2021 and permitted Russell to proceed with the following claims: (1) an Eighth Amendment conditions of confinement claim based on the blood against Defendant Cruz, Stark, and Deshane; (2) an Eighth Amendment conditions of confinement claim based on the shower shoes against Defendants Stark and Deshane; and (3) an Eighth Amendment excessive force claim against Defendant Cruz.[5] (ECF No. 8.)

On July 6, 2022, Russell filed his motion for summary judgment arguing he is entitled to partial summary judgment on his Fourteenth Amendment due process claim and Eighth Amendment deliberate indifference claim because there are no genuine issues of material fact. (ECF No. 45.)[6] Defendants responded to the motion for summary judgment, (ECF No. 57), and Russell replied. (ECF No. 59.)

On July 13, 2022, Defendants filed their motion for summary judgment arguing this case should be dismissed because: (1) Defendant DeShane did not personally participate in the alleged violation; (2) Russell failed to exhaust his administrative

---

[5] The claims against Defendant Cruz were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), for failure to effectuate service. (ECF No. 34.) As such, this claim is no longer at issue in this lawsuit.

[6] Russell also includes a brief in support of his motion for summary judgment that focuses exclusively on the issue of denial of due process. (ECF No. 45-3.) However, because the Court's screening order did not allow a Fourteenth Amendment due process claim to proceed, the Court does not address this portion of Russell's motion and focuses only on the Eighth Amendment claims.

remedies; (3) Russell cannot prove an issue of material fact as to the Eighth Amendment claims; and (4) Defendants are entitled to qualified immunity. (ECF No. 48.) Russell opposed the motion, (ECF No. 55), and Defendants did not reply.

## III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the

burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*,

627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

### IV.  DISCUSSION

Under the Eighth Amendment, prison conditions should not "involve the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. MO Chapman*, 452 U.S. 337, 347 (1981). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

To establish a violation of these duties, the inmate must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *Farmer*, 511 U.S. at 834. Under the deliberate indifference standard, a violation of the Eighth

Amendment is only found when an objective and subjective component are met. *See id.* at 834.

"[T]o satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Id.* at 1076 (citing *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1193 (9th Cir. 2002)). It does not matter "whether a prisoner faces an excessive risk ... for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995); *see also Johnson*, 217 F.3d at 731–32; *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985). When considering the conditions of confinement, the court should also consider the amount of time to which the prisoner was subjected to the condition. *See Hutto v. Finney*, 437 U.S. 678, 686–87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

The inmate must also satisfy the subjective element. This means that the prison official being sued must have known of and disregarded the risk to the inmate's safety. *Farmer*, 511 U.S. at 837. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Further, a plaintiff "must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries." *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing *Conn v. City of Reno*, 591 F.3d 1081, 1098-1101 (9th Cir. 2010), *vacated by City of Reno, Nev. v. Conn*, 563 U.S. 915 (2011), *reinstated in relevant part* 658 F.3d 897 (9th Cir. 2011).

### A.     Analysis

Defendants argue that summary judgment is proper because Russell cannot prove an issue of material fact with respect to either of his condition of confinement claims. Specifically, Defendants assert that Russell was not required to lay in blood or

wear bloody clothes and Russell cannot show that he lacked shower items. (ECF No. 48.) Thus, according to Defendants, Russel's conditions of confinement claims fail because there is a lack of evidence to establish either claim.

### 1. Claim 1

Russell's first claim is predicated on his allegations that he was forced to lay in someone else's blood and remain in bloody clothes afterwards. Russell alleges his shirt was covered in blood before being taken to the sally port. (ECF No. 48-2 at 7.) In support of their motion for summary judgment, Defendants submitted authenticated and admissible evidence in the form of photographs and videos of the event. A review of this this evidence reveals that Russell's shirt had a small mark of an unknown substance before he laid on the ground and no other mark was visible after getting off the ground or while in the sally port. (ECF Nos. 52-1 (sealed), 50-3 (sealed), 48-10.)

Defendants also provide authenticated and admissible evidence that Russell had access to a shower in the infirmary cell for days following the incident. Specifically, Defendants provide an affidavit from Associate Warden Drummond stating that inmates in the infirmary are provided clean clothes and shower items upon request. (ECF No. 48-1 at 3.) Moreover, Russell admits to showering with shower items in the infirmary on the day of the incident in an informal grievance and in his reply to Defendants' response to his motion for summary judgment. (ECF Nos. 48-2 at 5, 48-1 at 2, 59 at 4.)

Based on all the above, Defendants have submitted authenticated and admissible evidence that establishes Russell was not forced to lay in someone else's blood or "covered in blood" as alleged. In addition, this evidence also establishes that, even assuming Russel was exposed to any blood when he was laying on the ground, he showered on the day in question and had access to clean clothes, if he requested them. Therefore, Defendants have met their burden on summary judgment to establish there are no issues of material fact as to either the objective or subjective elements of Russell's first conditions of confinement claim. Therefore, the burden shifts to Russell to provide evidence showing a genuine dispute of material fact. *Matsushita Elec. Indus.*

*Co.,* 475 U.S. 586.

With respect to the objective element, Russell failed to come forward with any evidence to contradict the evidence provided by Defendants that he was not required to lay in blood and he was not "covered" in blood following this incident. Thus, summary judgment is proper on this basis alone.

However, even if the Court accepts Russell's claims that he was forced to lay in another's blood and his shirt got blood on it as a result, Russell has also failed to come forward with any evidence to create an issue of fact with respect to the subjective element. To establish the subjective element of this claim, Russell must provide some evidence that prison officials knew of and disregarded the risk to the inmate's safety. *Farmer*, 511 U.S. at 837. "Mere negligence is not sufficient to establish liability." *Frost*, 152 F.3d at 1128. However, Russell does not allege or provide any evidence that he was prohibited from taking a shower for a prolonged period or he was denied access to clean clothing. To the contrary, Russell admits he was able to shower the same day of the incident and there is no evidence Russell asked the infirmary staff for clean clothes or that the infirmary staff withheld the items.

Therefore, even assuming for purposes of this motion that Russell was required to lay in another person's blood following the riot and got blood on his clothes in the process, there is no evidence in the record to show that the duration of exposure and proximity of the blood amount to a constitutional violation in this case. *Anderson*, 45 F.3d 1314; see *Hutto*, 437 U.S. 686-87. Because Defendants met their burden of showing there are no genuine issues of material fact and Russell has failed to provide evidence to the contrary, Defendants are entitled to summary judgment on this claim.

**2.  Claim 2**

Next, Russell's second conditions of confinement claim is based on his allegations that he was denied shower shoes and forced to shower barefoot. (ECF Nos. 48-2 at 12, 48-1 at 2.) As discussed above, Defendants provide authenticated and admissible evidence to show that infirmary staff will give inmates clean clothes and

shower supplies upon request. (ECF No. 48-1 at 3.) Defendants also provide evidence that Russell had a shower inside his cell while he was in the infirmary cell and Russell admits he took a shower on the day of the incident. (ECF Nos. 48-1 at 3, 48-2 at 12.) Russell also admits he was provided shower items. (ECF No. 59 at 4.) Defendants do not provide authenticated and admissible evidence to show that Russell was given shower shoes. However, Despite Defendants' failure to meet their burden, there is still no objective violation of Russell's Eighth Amendment rights. The allegation that Russell was denied shower shoes is enough to survive screening. *See Gonzalez v. Mullen*, No. 10–16311, 2011 WL 3099101, at *1 (9th Cir. July 26, 2011) (prisoner's allegations that his inability to obtain shower shoes put him at risk of exposure to serious bacteria were not frivolous and stated a claim under the Eighth Amendment). However, the denial of shower shoes for a brief period, where Russell showered only once, is not a constitutional violation. *Chambers v. Simonet*, No. 94–1566, 1995 WL 330903, at *1 (10th Cir. May 25, 1995) (holding that jail's refusal to issue shower shoes and a change of socks and underwear is not a violation of the Eighth Amendment); *Draper v. Western Va. Regional Jail*, No. 7:09–cv–00189, 2009 WL 2232453, at *2 (W.D.Va. July 24, 2009) ("[S]hower shoes are not a basic human need and standing in a dirty shower stall with bare feet does not constitute cruel and unusual punishment."); *Brown v. Goodman*, No. 08–00694–KD–N, 2010 WL 2202515, at *6 (S.D.Ala. Apr. 19, 2010) ("[N]either the denial of shower shoes nor a bath towel constitutes the deprivation of a 'basic human need[ ].'" (second alteration in original) (quoting *Rhodes*, 452 U.S. at 347)). Therefore, Russell's claim fails on the objective element alone.

However, even if the Court assumes for purposes of this motion that Russell's assertions were sufficient to create an issue of fact as to the objective element, his claim still fails as to the subjective prong. To satisfy the subjective prong, Russell must show that Defendants knew of and disregarded the risk to his safety. *Farmer*, 511 U.S. at 837. Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835, citing *Whitley v. Albers*, 475 U.S. 312, 319,

(1986). Russell must also show that Defendants were the actual and proximate cause of his injuries. *Lemire*, 726 F.3d 1074. Russell alleges DeShane was deliberately indifferent because DeShane signed the emergency grievance Russell submitted on August 4, 2019. (ECF No. 54 at 4.) The emergency grievance states Russell did not have his shower shoes. (*Id.*) DeShane's signature on the emergency grievance is not sufficient to show he was the actual or proximate cause of his injuries because DeShane was not the only person who could provide the shoes. Russell could have requested shower shoes from infirmary staff. (ECF No. 48-1 at 3.) Based on the evidence showing DeShane was not the only person who could provide Russell with shower shoes, Defendants meet their initial burden on summary judgment as to the subjective prong. Again, the burden shifts to Russell to provide admissible evidence to establish a genuine dispute as to these facts does exist. *Matsushita Elec. Indus. Co.,* 475 U.S. 586.

Russell does not provide any evidence to show DeShane was the actual or proximate cause of his injuries. In fact, Russell does not allege or provide any evidence to show he was actually injured because of his lack of shower shoes. Russell also does not allege he asked for and was denied shower shoes from the infirmary. Additionally, even if DeShane knowingly withheld the shower shoes, his actions do not rise to the level of recklessness required to show deliberate indifference. *Clarke v. Collins*, No. 92–7601, 1993 WL 391362, at *l–2 (5th Cir. Sept. 20, 1993) (holding a claim that deprivation of shower shoes caused exposure to disease in the shower, at best, alleged negligence against prison officials). Because Defendants met their summary judgment burden as to the subjective prong of this claim, and Russell does not provide any evidence to contradict Defendants' admissible evidence, Defendants are entitled to summary judgment on this claim.[7]

---

[7] Because the Court finds that both of Russell's claims fail on the merits, it need not discuss Defendants' failure to exhaust, personal participation, or qualified immunity arguments.

## V. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Russell's motion for summary judgment, (ECF No. 45), be denied and Defendants' motion for summary judgment, (ECF No. 48), be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Russell's motion for summary judgment, (ECF No. 45), be **DENIED**;

**IT IS FURTHER RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 48), be **GRANTED**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and **CLOSE** this case.

**DATED**: ___December 2, 2022___.

_____
**UNITED STATES MAGISTRATE JUDGE**